# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# WINSTON-SALEM DIVISION

| | |
|---|---|
| THE HOMESOURCE, CORP., | ) |
| | ) Miscellaneous Action No. 1:19-mc-00006 |
| Plaintiff, | ) |
| | ) Magistrate Judge Joel L. Webster |
| v. | ) |
| | ) |
| RETAILER WEB SERVICES, LLC, | ) |
| and JOHN DOES 1-3, | ) |
| | ) |
| Defendants. | ) |

**NON-PARTY NATIONWIDE'S REPLY IN SUPPORT OF ITS MOTION TO QUASH**
**SUBPOENA FOR DOCUMENTS AND FOR PROTECTIVE ORDER**

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. ii
TABLE OF AUTHORITIES ..................................................................................... iii
INTRODUCTION ....................................................................................................... 1
LAW AND ARGUMENT ........................................................................................... 1
   I.   Nationwide's Motion Is Timely. ................................................................ 1
   II.   Nationwide Conferred With HomeSource For Months Before Moving To Quash, Thus Satisfied The Meet-And-Confer Obligation. ....................... 4
   III.   Nationwide Has Complied With Rule 45. ................................................ 5
CONCLUSION ............................................................................................................ 7
CERTIFICATE OF COMPLIANCE WITH LR 7.3 ............................................. 8
CERTIFICATE OF SERVICE .................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Ace Hardware Corp. v. Celebration Ace Hardware, LLC*, No. CIV. 09 CV 66,
  2009 WL 3242561, at *2 (D. Del. Oct. 8, 2009) ................................................. 3
*Alabama Aircraft Indus., Inc. v. Boeing Co.*, No. 2:11-CV-03577-RDP, 2017
  WL 4585582, at *3 (N.D. Ala. Apr. 25, 2017) .................................................... 2
*Aquastar Pool Prod. Inc. v. Paramount Pool & Spa Sys.*, No. CV-19-00257-
  PHX-DWL, 2019 WL 250429, at *2 (D. Ariz. Jan. 17, 2019) ........................... 2
*Carter v. Archdale Police Dep't*, No. 1:13CV613, 2014 WL 1774471, at *3, fn.3
  (M.D.N.C. May 2, 2014) ..................................................................................... 3
*Dr. Greens, Inc. v. Spectrum Labs., LLC*, No. 12-MC-226-KHV-GLR, 2012 WL
  3111746, at *1-2 (D. Kan. July 31, 2012) .......................................................... 2
*Hartz Mountain Corp. v. Chanelle Pharm. Veterinary Prods. Mfg. Ltd.*, 235
  F.R.D. 535 (D. Me. 2006) .................................................................................... 2
*In re Goodyear Tire & Rubber Co. Sec. Litig.*, No. 1:89-0894X, 1991 WL
  172930, *1 (N.D. Ohio 1991) .............................................................................. 3
*King v. Harwood*, No. 3:15-CV-762-GNS, 2018 WL 547579, at *4 (W.D. Ky.
  Jan. 24, 2018) ..................................................................................................... 2
*Myers v. AT&T, Inc.*, No. 5:12-CV-00714-BO, 2015 WL 4566940, at *4
  (E.D.N.C. July 28, 2015) .................................................................................... 6
*Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 454 (E.D.N.C. 2005)... 6

**Rules**

Fed. R. Civ. P. 26(b)(2) ............................................................................................. 6
Local Rule 27.1 ......................................................................................................... 4
LR 37.1(a) .................................................................................................................. 4
Rule 45 ....................................................................................................................... 3

# INTRODUCTION

The HomeSource Corp.'s ("HomeSource") response brief does not contest that its subpoena is facially overbroad or unduly burdensome. Instead, HomeSource mischaracterizes the parties' discussions and takes the odd position that Nationwide Marketing Group, LLC ("Nationwide") waived its right to move to quash because it first conferred with HomeSource in an effort to narrow the scope of the subpoena. It is axiomatic that parties are encouraged to attempt to resolve discovery disputes prior to seeking court intervention. Yet HomeSource attempts to use Nationwide's good faith efforts to confer about narrowing the subpoena's scope against it. HomeSource's opposition brief also fails to articulate why it needs expansive discovery from a third party that would be forced to review thousands of documents that are tangential to the issues in the underlying case, and which could be more easily obtained from the parties to that litigation. HomeSource further argues that the time it worked with Nationwide on attempting to narrow the search constitutes a waiver by Nationwide because those correspondences and attempts took longer than two weeks. That is not the law, and HomeSource is simply overreaching.

# LAW AND ARGUMENT

## I. Nationwide's Motion Is Timely.

After HomeSource served its subpoena, the parties engaged in iterative discussions to attempt to narrow the scope to a manageable number of

documents. These negotiations and rounds of searches continued for two months. Once Nationwide informed HomeSource that its latest demand would require it to review over 26,000 documents, and when HomeSource refused to narrow the scope to reasonable parameters and the parties were at an impasse, Nationwide filed its motion to quash.

Now, HomeSource argues that Nationwide's motion is untimely since the parties' negotiations took months, thereby exceeding Rule 45's two-week window to move to quash. That is nonsensical; the Federal Rules and Local Rules require parties to attempt to resolve discovery disputes before involving the courts. And courts routinely exercise their discretion to consider motions to quash filed after the two-week period elapses when a subpoena is overbroad and the parties engage in communications that could have avoided the need for motion practice. *See, e.g., Hartz Mountain Corp. v. Chanelle Pharm. Veterinary Prods. Mfg. Ltd.*, 235 F.R.D. 535 (D. Me. 2006); *Dr. Greens, Inc. v. Spectrum Labs., LLC*, No. 12-MC-226-KHV-GLR, 2012 WL 3111746, at *1-2 (D. Kan. July 31, 2012); *King v. Harwood*, No. 3:15-CV-762-GNS, 2018 WL 547579, at *4 (W.D. Ky. Jan. 24, 2018); *Alabama Aircraft Indus., Inc. v. Boeing Co.*, No. 2:11-CV-03577-RDP, 2017 WL 4585582, at *3 (N.D. Ala. Apr. 25, 2017); *Aquastar Pool Prod. Inc. v. Paramount Pool & Spa Sys.*, No. CV-19-00257-PHX-DWL, 2019 WL 250429, at *2 (D. Ariz. Jan. 17, 2019); *see also Carter v. Archdale Police Dep't*, No. 1:13CV613, 2014 WL 1774471, at *3, fn.3

2

(M.D.N.C. May 2, 2014) (quoting *Ace Hardware Corp. v. Celebration Ace Hardware, LLC*, No. CIV. 09 CV 66, 2009 WL 3242561, at *2 (D. Del. Oct. 8, 2009)) ("Courts have exercised their discretion to consider motions to quash that were not 'timely' filed within the meaning of Rule 45."). Indeed, to hold otherwise would discourage parties from resolving discovery disputes amongst themselves and "certainly would work against the efficient administration of justice." *In re Goodyear Tire & Rubber Co. Sec. Litig.*, No. 1:89-0894X, 1991 WL 172930, *1 (N.D. Ohio 1991).

Here, Nationwide diligently conferred with HomeSource. HomeSource does not dispute that Nationwide's counsel promptly made contact to discuss the scope of the subpoena. These discussions continued between September and December 2018, when the parties reached an impasse. Nationwide alerted HomeSource that it has over 26,000 documents to review—an unreasonable and unduly burdensome number given the relevancy of the documents and Nationwide's status as a non-party to the underlying suit. Nationwide filed its motion once it became apparent that those negotiations were unproductive. HomeSource's claim that Nationwide's motion should be disregarded because these negotiations extended beyond the two-week window contravenes the purpose of the Federal Rules and common sense as parties should be encouraged to informally resolve discovery issues prior to seeking a court's intervention. And HomeSource's position would undermine attempts by

3

parties to confer on formulating or limiting discovery sought by subpoenas. (Opposition, pp. 5-6.) In short, HomeSource's argument contravenes the goals of the Federal Rules, and should be rejected. Under these circumstances, a strict application of a two-week window is unwarranted as any delay by Nationwide in objecting or moving to quash was justified as a result of continual, good faith discourse with HomeSource.

## II. Nationwide Conferred With HomeSource For Months Before Moving To Quash, Thus Satisfied The Meet-And-Confer Obligation.

HomeSource fails to discuss the months of back-and-forth negotiations about the scope of discovery, and instead cherry-picks a single email in support of its claim that Nationwide failed to satisfy its meet-and-confer obligation. (Opposition, p. 5.) To be sure, Nationwide satisfied its obligation by having numerous conferrals, and HomeSource's position is unwarranted. Notably, the Local Rules require only a single conference before filing a discovery motion. LR 37.1(a). Nationwide's counsel, however, repeatedly communicated with HomeSource's counsel by phone and email for *two months* of ongoing meet and confer efforts, which only ended after HomeSource's counsel refused to narrow a universe containing thousands of documents to a more manageable number and the parties reached an impasse. Nationwide has thus exceeded Local Rule 27.1's standard, and moved for relief when it became apparent that further discussions were unable to resolve the issue. The fact that Nationwide did not

4

respond by email to one of HomeSource's many communications is immaterial. Nationwide conferred in good faith with HomeSource, and its motion to compel is properly before the Court.

## III. Nationwide Has Complied With Rule 45.

Rather than address Nationwide's substantive arguments, HomeSource argues that Nationwide has not shown an undue burden or that the subpoena is oppressive. Not only do these arguments lack factual support, but HomeSource ignores Nationwide's statements that compliance will obstruct its business operations and subject Nationwide to an undue burden. For instance, HomeSource ignores that Nationwide would have to review at least thousands of documents, and that Nationwide would further need to identify and interview numerous potential custodians to determine whether other responsive, non-privileged materials exist. Indeed, a cursory review of a sample revealed that the key words provided by HomeSource generated numerous irrelevant documents unrelated to the case or to HomeSource. Thus, any such review would likely be fruitless, the discovery expenditures would outweigh any potential benefits, and the demands on Nationwide would be disproportionate to the needs of the case. While HomeSource claims that a meet and confer could cure this overbreadth, that argument is unavailing as Nationwide's attempts to do so had already proven unsuccessful.

5

What's more, HomeSource does not describe a substantial need for the requested materials, or argue that they are not otherwise available from a more convenient source—such as a party in the lawsuit. (*Id.*[1]) It is well-settled that subpoenas are improper when the discovery sought is available from a more convenient or less burdensome source, and the burden or expense of compliance is outweighed by its likely benefit. *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 454 (E.D.N.C. 2005); *Myers v. AT&T, Inc.*, No. 5:12-CV-00714-BO, 2015 WL 4566940, at *4 (E.D.N.C. July 28, 2015); Fed. R. Civ. P. 26(b)(2). HomeSource's opposition falls woefully short of rebutting Nationwide's statements in this regard—indeed, HomeSource fails to show that the requested materials are not discoverable in the underlying case or how the supposed relevance of the materials outweighs the substantial hardship that compliance would impose on Nationwide.

Finally, HomeSource's claim that Nationwide is "intimately" involved in the underlying action is likewise unavailing. (Opposition, p. 3.) As HomeSource admits, Nationwide is not a party to that case. The underlying action does not involve a claim that Nationwide breached any agreement with HomeSource, that Nationwide has perpetrated any of the allegedly tortious conduct, or that

---

[1] HomeSource notes that motions to compel are pending in the underlying case, but this statement falls short of claiming that the requested materials are unavailable. (Opposition, p. 3.)

6

Nationwide possesses any documents critical to that matter. Rather, HomeSource appears to be using the New Jersey litigation as a lever to extract confidential information from its competitor, Nationwide, through the subpoena in question. Such tactics are impermissible, and HomeSource's subpoena should be quashed.

## CONCLUSION

For the foregoing reasons, as well as those in Nationwide's opening brief, HomeSource's subpoena should be quashed and a protective order entered in Nationwide's favor.

Dated: February 22, 2019　　　　　　　Respectfully submitted,

/s/ Timothy Nerhood
Timothy Nerhood
N.C. Bar No. 25432
Hendrick Bryant Nerhood Sanders & Otis LLP
723 Coliseum Drive, Suite 101
Winston Salem, NC 27106-5326
Tel: (336) 723-7200
Fax: (336) 723-7201
tnerhood@hendricklawfirm.com

*Attorney for Nationwide Marketing Group, LLC*

7

## CERTIFICATE OF COMPLIANCE WITH LR 7.3

I hereby certify that the foregoing Reply in Support complies with the limitations on length of briefs contained in Local Rule 7.3(d).

Dated: February 22, 2019        Respectfully submitted,

/s/ Timothy Nerhood
Timothy Nerhood
N.C. Bar No. 25432

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and served the following by mail to counsel for the The HomesSource, Corp as follows:

Alexis Arena
Eric Clendening
FLASTER/GREENBERG
1835 Market Street, Suite 1050
Philadelphia, PA 19103
Alexis.Arena@flastergreenberg.com
Eric.Clendening@flastergreenberg.com

Lex M. Erwin
State Bar No. 34619
Erwin, Bishop, Capitano & Moss, P.A.
4521 Sharon Road, Suite 350
Charlotte, NC 28211
lerwin@ebcmlaw.com

*Attorneys for The HomeSource, Corp.*

/s/ Timothy Nerhood
N.C. Bar No. 25432