IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THE HOMESOURCE CORP., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:19MC6 |
| RETAILER WEB SERVICES, LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

This matter comes before the Court on Non-Party Nationwide Marketing Group, LLC's ("Nationwide") Motion to Quash Subpoena for Documents and for Protective Order. (Docket Entry 1.) The subpoena was issued by Plaintiff The HomeSource Corp. ("HomeSource") pursuant to Federal Rule of Civil Procedure ("Rule") 45(d)(3). The subpoena commands the investigation, assembly, and production of documents from Nationwide's principal place of business in Winston-Salem, North Carolina. In the underlying action in the District of New Jersey, *HomeSource Corp. v. Retailer Web Services, LLC*, Case No. 18-11970-JBS-KMW (D.N.J.) (the "New Jersey Litigation"), HomeSource asserts claims against Retailer Web Services, LLC ("Retailer Web") for false advertising, defamation, tortious interference with commercial relationships, and unfair competition, and additional computer fraud claims against several John Does. (Docket Entry 2 at 111-127.) Nationwide is a non-party to the New Jersey Litigation, but has been mentioned in the First Amended Complaint. (*Id.* at 116.)

1

HomeSource served the subpoena on Nationwide on September 13, 2018, and the parties thereafter engaged in communications in an attempt to narrow the scope of the subpoena. (Docket Entry 2 at 9-10.) After an unsuccessful resolution, Nationwide filed the pending motion to quash before this Court asserting that the subpoena: (1) fails to allow a reasonable time to comply; (2) requires disclosure of privileged or otherwise protected matter, including confidential commercial information; and (3) subjects Nationwide to undue burden and expense. (*Id.* at 1.) The undersigned set this matter for a telephone conference on March 13, 2019. Nationwide thereafter sought a continuance of the hearing until such time as some discovery disputes were settled in the New Jersey Litigation. (Docket Entry 9.) The undersigned granted the motion and continued the matter until March 20, 2019. (Text Order dated 3/12/2019.) The Court also encouraged the parties to meet and confer to attempt to resolve outstanding issues in the pending motion and submit a status report to the Court. (*Id.*) Nationwide thereafter submitted a status report indicating that an agreement had not been reached between the parties. (Docket Entry 10.) HomeSource also submitted a status report indicating that the parties had agreed upon a limited scope of document and information to be produced by Nationwide. (Docket Entry 11.)

During the telephone hearing, the parties discussed the pending motion. Counsel for Nationwide indicated that the agreement in the March 7, 2019 email was subject to approval of its client. The client did not approve, and thus, Nationwide did not produce any documents. Counsel for Retailer Web made several representations to the Court that the information requested by HomeSource in the subpoena to Nationwide was duplicative and redundant information that Retailer Web itself would be producing to HomeSource. HomeSource

contends that most of the information it seeks (in the narrow scope set forth in the March 7, 2019 email) is information that would only be in the possession of Nationwide and not Retailer Web.  HomeSource also reiterated that the subpoena has been pending since September of 2018 and nothing has yet been produced.

As this dispute arises from the issuance of a subpoena to a non-party, the Court notes that Rule 45 of the Federal Rules of Civil Procedure govern subpoenas issued to non-parties. *See* Fed. R. Civ. P. 45.  That rule states that the Court "must quash or modify a subpoena that: (i) fails to allow a reasonable amount of time to comply; ... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).  In conjunction with Rule 45, and the broad discovery rules set forth in Rule 26, "[a] trial court should consider the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena when considering the propriety of enforcing a subpoena." *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citation and quotations omitted).  When a party claims that a discovery request is unduly burdensome, the party must "allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence. A conclusory assertion of burden and expense is not enough." *Gainey v. BlueCross BlueShield of S.C.*, No. CV 3:09-986-JFA-JRM, 2010 WL 11534418, at *2 (D.S.C. Mar. 17, 2010) (unpublished).  "In the context of evaluating subpoenas issued to third parties, a court will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance."  *Schaaf*, 233 F.R.D. at 453 (citation and quotations

3

omitted). Moreover, Rule 45 gives this Court discretion to modify an overbroad subpoena rather than quashing it. *See* Fed. R. Civ. P. 45(d)(3)(A).

After considering the rules governing subpoenas, the arguments and past actions of the parties, and given the representations made by Retailer Web's counsel regarding documents Retailer Web will be providing to HomeSource, the Court will order that Retailer Web produce the remaining documents in its possession that are related to the subpoena issued to Nationwide. The Court will then permit HomeSource to review those documents, and the parties shall meet and confer to determine if any other documents should be produced pursuant to the subpoena.

Accordingly, **IT IS HEREBY ORDERED** that Nationwide's Motion to Quash (Docket Entry 1) is **GRANTED IN PART AND DENIED IN PART**. Retailer Web shall produce to HomeSource no later than April 3, 2019 all documents remaining in its possession that would be subject to Nationwide's subpoena.[1] Within 48 hours of receipt of those documents, HomeSource shall meet and confer with Nationwide and Retailer Web to determine if any documents subject to the narrowed scope of the subpoena[2] have not yet been produced. For all documents and information not yet produced by Retailer Web, Nationwide shall produce such documents subject to the narrowed scope of the subpoena within 10 days of the parties' conference.

---

[1] This includes all documents upon which Retailer Web's counsel indicated that Retailer Web was in the process of producing to HomeSource.
[2] (*See* Docket Entry 11-1.)

4

**SO ORDERED.** This the 21st day of March, 2019.

_____
Joe L. Webster
United States Magistrate Judge